

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,921

**PRESTON HUGHES, III, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM HARRIS COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

I respectfully concur in the Court's denial of relief for appellant, Preston Hughes, who is scheduled to be executed in an hour for capital murder, as to (1) his motion to stay the execution and (2) his appeal from the trial court's denial of his motion for DNA testing. I agree with the conclusion of the trial court and this Court that appellant filed his motion three days before today's scheduled execution in order to unreasonably delay the execution of sentence and administration of justice in violation of Texas Code of Criminal Procedure Article 64.03(2)(B). *See* TEX. CODE CRIM. PROC. art. 64.03(2)(B). I write separately to

elaborate upon this point.

Appellant's present motion seeks to test the same items that his attorney obtained for DNA testing a decade ago when, pursuant to a January 2002 order granting appellant's request for DNA testing by the Honorable Kenneth Hoyt, Judge, United States District Court, S.D. Texas, those items were delivered to Orchid Cellmark, the laboratory that conducted the testing. Judge Hoyt's order released to appellant or his designated representative items for testing by Cellmark. Cellmark identified those items as a pair of shorts, blue jeans, three shirts, a knife, a sheath, and a vaginal swab. The laboratory report to which appellant refers in his present motion refers to the report generated by Cellmark detailing the test results for DNA found on the pants. That report in no way suggests that the other items were or were not tested; rather, it discusses the pants only and is silent with respect to the other items.

Given that Judge Hoyt ordered that all the items be tendered to appellant for testing, it is reasonable to conclude either that (1) the other items were tested, and appellant has not disclosed those results in this present motion because they are not favorable to him, or (2) the other items were not tested because appellant did not request testing, despite the fact that Judge Hoyt had made the items available to him for the specific purpose of DNA testing. In either case, it is clear that appellant has filed this motion—to have the same items tested to which he has had access for over a decade—on the eve of his execution in order to unreasonably delay the execution of sentence and administration of justice. *See id.*

In his motion for testing, appellant states, "The report did include a note indicating

that some other items were in fact tested, but the results were deemed insufficiently reliable for interpretation." The Cellmark report attached to appellant's motion does not include any mention about any items other than the pants. Perhaps appellant is referring to the comment within the report that states, "In addition to the profiles obtained from the items referenced in this report, weak results were observed. These results may be due to the presence of DNA from more than one individual or to technical artifacts, and, therefore, were not interpreted." This comment, read in context, explains why some of the DNA found on the pants could not be further interpreted. It does not refer to any item other than the pants.

Appellant also suggests that he is entitled to additional testing under Texas Code of Criminal Procedure Article 64.01(b)(2), which provides that previously tested evidence "can be subjected to testing with newer testing techniques" that are reasonably likely to produce more accurate results. First, appellant has produced no evidence as to whether the other items have been tested or that, if they have, newer techniques would produce more accurate results. *See* TEX. CODE CRIM. PROC. art. 64.03(2)(a) (defendant must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing; and that the request for testing is not made to unreasonably delay the execution of sentence or administration of justice). Rather, the record undermines his claim and contains other physical evidence connecting appellant to the offense, including the victim's glasses, which police found in his apartment, and DNA found on appellant's pants that matched the victim with a certainty of 1 in 200,000, a fact that appellant

acknowledges in his last-minute appeal.[1]  Second, this provision does not excuse final-hour pleadings filed for the purpose of delay, which the circumstances of appellant's filings establish. *See id.*

With these comments, I concur in the Court's opinion.

Alcala, J.

Filed: November 15, 2012

Do Not Publish

---

[1]     Though appellant discounts the probativeness of this evidence given the bloody nature of the offense and the purported absence of visible blood on appellant's clothing.  He speculates that the presence of the victim's DNA on his pants was due to contamination during testing.